| | |
|---|---|
| Raymond R. Mason, Sr.,<br>　　Plaintiff<br><br>　　v.<br><br>Central Mass Transit Management/<br>Worcester Regional Transit Authority;<br>David Trabucco, in their individual and<br>Official capacity; Jonathan Church, in Their<br>Individual and Official Capacity;<br>Amalgamated Transit Union Local 22;<br>Kenneth Kephart in Their Individual and<br>Official Capacity,<br>　　Defendants | Civil Action No. 18-cv-40202-TSH |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
## BY ATU LOCAL 22 AND KENNETH KEPHART

I.　　Introduction

Raymond Mason was a van driver for Central Mass Transit Management from May 2003 until he was fired in April 2017 after being caught on video violating a cell phone policy. He has now brought suit against several parties, including his union (Amalgamated Transit Union Local 22) and its Business Agent (Kenneth Kephart). He alleges Local 22 and Mr. Kephart breached the duty of fair representation, and he accuses his employer of breaching the collective bargaining agreement by firing him.

In short, his claim against Local 22 and Mr. Kephart is part of a "hybrid" claim under Section 301 of the Labor Management Relations Act., 29 U.S.C. § 185, where he accuses the employer of breaching the CBA and also accuses the union of failing to adequately challenge that breach.

However, thirty-five years ago the U.S. Supreme Court held that such a hybrid duty of fair representation claim must be brought in federal court within six months. DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 169 (1983). Because Mr. Mason's cause of action accrued in April 2017, his complaint needed to be filed more than a year ago in order to be timely, and therefore it must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Moreover, the claims against Mr. Kephart must be dismissed because a union official cannot be held individually liable.

## II.  Facts

Local 22 and Mr. Kephart recite the following relevant, material facts from the Compliant, and assume their truth for the purposes of this motion only.

Mr. Mason began to work as a van driver for Central Mass Transit Management/Worcester Regional Transit Authority ("CMTM") in 2003. Compl., ¶ 11. He was fired on April 5, 2017, after he violated a CMTM policy prohibiting cell phone use while operating a van. Id., ¶ 12.[1] His discharge stemmed from an incident on April 3, 2017, when he answered his cell phone while in the van he was responsible for driving. Id., ¶ 17. Company policy, agreed to by Local 22 in 2015, states that an employee caught using his cell phone while in a van cannot challenge the disciplinary action against him. Id., ¶¶ 14-15. Mr. Mason was caught on video using his cell phone in violation of that policy. Id., ¶¶ 19-20, 23, 24, 30, 31, 37.

ATU Local 22 was the exclusive bargaining representative of a bargaining unit that included Mr. Mason before he was fired. Compl., ¶ 7. Kenneth Kephart is a business agent for

---

[1] Mr. Mason does not appear to deny violating the policy. Instead, his lawsuit hinges on his many excuses for his violation. See, e.g., Compl., ¶¶ 17-20.

2

Local 22. Id., ¶ 8. Employees were covered by a collective bargaining agreement. Compl., Introduction, ¶ 1.

Mr. Kephart allegedly attended a meeting about the violation with management, but without Mr. Mason's presence, on April 4, 2017. Id., ¶ 32. Plaintiff denies he refused to attend the meeting. Id., ¶ 33. Mr. Kephart separately met with Mr. Mason on April 4, 2017, at which time he told Mr. Mason that he could choose "either to resign or be fired and lose everything." Id., ¶ 36. Mr. Mason's request to see the video evidence was denied. Id., ¶ 36. (Mr. Mason did see the video on or about September 20, 2017, when he received a copy pursuant to a state public records request. ¶ 37.) Mr. Mason then met with an employer representative, without Mr. Kephart's presence, and signed a statement of resignation. Id., ¶ 38. Mr. Mason claims the word "resignation" was added after he signed. Id., ¶ 38.

Mr. Mason brings a cause of action against Local 22 and Mr. Kephart for "breaching [their] duty to fairly represent the Plaintiff's interest under the collective bargaining agreement." Compl,, ¶ 48.

Finally, Mr. Mason alleges he filed an unfair labor practice charge at the National Labor Relations Board, resulting in a finding. Id., ¶¶ and 22 and 39. Indeed, he did file a charge on August 3, 2017. NLRB Docket No. 01-CB-203643.[2] An NLRB Regional Director dismissed the charge on September 19, 2017. Mr. Mason filed an appeal to the NLRB's Office of General

---

[2] https://www.nlrb.gov/case/01-CB-203643

Counsel, and the appeal was denied on November 3, 2017.[3] A copy of that denial letter is attached hereto as Exhibit A.[4]

III. Legal Arguments

A. Standard of Review

This motion is brought pursuant to Fed. R. Civ. P. 12(b)(6). The Court should "accept the truth of all well-pleaded facts and draw all reasonable inferences therefrom in the pleader's favor." Riggs v. Curran, 863 F.3d 6, 10 (1st Cir. 2017) (citations/quotations omitted). "To a limited extent, a statute of limitations defense can be considered on a Rule 12(b)(6) motion. The key is whether the complaint and any documents that properly may be read in conjunction with it show beyond doubt that the claim asserted is out of time." Rodi v. S. New England Sch. Of Law, 389 F.3d 5, 17 (1st Cir. 2004) (quotations/citations omitted); see also Abdallah v. Bain Capital LLC, 752 F.3d 114, 119 (1st Cir. 2014) ("When the allegations in a complaint show that the passage of time between the events giving rise to the claim and the commencement of the action exceeds the applicable limitations period, a district court should grant a 12(b)(6) motion by the defense if the complaint (and any other properly considered documents) fails to sketch a factual

---

[3] He states that "The NLRB found this to be discrimination." Compl, ¶ 44. For clarity, Local 22 and Mr. Kephart point out that the NLRB did not find that anyone engaged in discriminatory conduct. Rather, the NLRB General Counsel simply clarified to Mr. Mason that the agency does not handle claims of age discrimination. See Exhibit A.

[4] It is appropriate for the Court to consider this document, even though the motion is filed pursuant to Fed. R. Civ. P. 12(b)(6). See Beddall v. State St. Bank & Tr. Co., 137 F.3d 12, 17 (1st Cir. 1998) ("When, as now, a complaint's factual allegations are expressly linked to—and admittedly dependent upon—a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6).") Incidentally, Defendants are unaware of the source of the language quoted in ¶ 22 of the Complaint; its reference to the Uniform Commercial Code is odd, as the NLRB does not deal with the UCC at all.

4

predicate that would provide a basis for tolling the statute of limitations.") (quotations/citations omitted).

B. The Lawsuit Is Untimely

A claim that is brought against both a Union and the Employer – where the Employer is accused of breaching the collective bargaining agreement and the Union is accused of breaching its duty of fair representation in failing to challenge that breach – is called a "hybrid Section 301 claim." See Cabarga Cruz v. Fundacion Educativa Ana G. Mendez, Inc., 822 F.2d 188, 191 (1st Cir. 1987). Such claims are subject to a six-month statute of limitations. Id. (citing DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 169 (1983)); see also Lonigro v. Teamsters Local Union No. 25, 2018 WL 3118421, at *2 (D. Mass. June 25, 2018) (applying rule) (Saylor, J.).

Furthermore, filing an unfair labor practice charge with the NLRB does not toll the statute of limitations. Arriaga-Zayas v. Int'l Ladies' Garment Workers' Union-Puerto Rico Council, 835 F.2d 11, 13–14 (1st Cir. 1987) ("The appellants argue that the pendency of the charges which they instituted before the PRLRB and the NLRB, respectively, served to impede the march of time. The Court, however, has made it crystal clear that an employee whose interests have been slighted by his union can simultaneously tread both administrative and judicial paths. Accordingly, it would make precious little sense, given the policy considerations which undergird DelCostello, to put so commonplace a stumbling block in the way of the six month statutory period. The Court, after all, has historically been reluctant to invoke tolling in circumstances where a claimant rides parallel horses in search of relief."); Conley v. Int'l Bhd. of Elec. Workers, Local 639, 810 F.2d 913, 916 (9th Cir. 1987) (same).

The statute of limitations "begins to run when the plaintiff knows, or reasonably should have known, of the acts constituting the union's wrongdoing." Arriaga-Zayas v. Int'l Ladies'

5

Garment Workers' Union, 835 F.2d at 13. Here, the lawsuit was filed on November 30, 2018. Doc. 2. Therefore, to be timely, his lawsuit must allege legally cognizable wrongdoing against the Union after May 30, 2018. Every allegation in the Complaint occurred in 2017 or before. The central allegations against Local 22 and Mr. Kephart stem from the Union's alleged failures in April 2017, more than 18 months before this lawsuit was filed. Therefore, a timely lawsuit needed to be filed by October 5, 2017 (six months after he was fired). In fact, this suit was filed more than a year after that. It must be dismissed.[5]

    C.  <u>The Individual Claims Against Union Agents Must Also Be Dismissed</u>

Mr. Mason has also brought claims against Mr. Kephart in his personal and official capacity. Compl., ¶ 48; caption. These claims must be dismissed because "'union agents' are not personally liable to third parties for acts performed on the union's behalf in the collective bargaining process." <u>Montplaisir v. Leighton</u>, 875 F.2d 1, 4, (1st Cir. 1989); <u>see also</u> <u>Atkinson v. Sinclair Ref. Co.</u>, 370 U.S. 238, 249 (1962) ("national labor policy requires and we hold that when a union is liable for damages … its officers and members are not liable for these damages"); <u>Rosario v. Paul Revere Transp., LLC</u>, 2014 WL 585860, at *3 (D. Mass. 2014) (Stearns, J.) (applying rule). Therefore, even if the statute of limitations did not require dismissal of all claims, the claims against Mr. Kephart would still need to be separately dismissed.

---

[5] Mr. Mason makes one additional allegation, which states that on September 20, 2017, Mr. Mason received a copy of the video showing him violating company policy. Compl., ¶ 37. Mr. Mason writes, "The Union again, breached its duty of fair representation." <u>Id.</u> Setting aside that there is no apparent basis how the union could have breached the DFR based on this allegation, these events were nonetheless more than a year before the lawsuit was filed and they are clearly untimely, regardless of what precisely was meant. In addition, Mr. Mason filed a charge with the NLRB about these same events on August 3, 2017, and his appeal was denied on November 3, 2017. This is dispositive of the question of Mr. Mason's knowledge of the alleged injury he has claimed, as he cannot logically claim first knowledge after he initiated his legal challenge at the NLRB.

IV.  Conclusion

Mr. Mason's claims against the Union and Mr. Kephart must be dismissed as untimely, because they were filed far past the six-month statute of limitations imposed by the U.S. Supreme Court in DelCostello. Personal claims against Mr. Kephart must also be dismissed because the Supreme Court has long held that such personal claims are not viable.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | ATU LOCAL 22, AND<br>KENNETH KEPHART |
|  | By their attorney, |
|  | /s/ James A.W. Shaw<br>James A.W. Shaw<br>BBO # 670993<br>SEGAL ROITMAN, LLP<br>33 Harrison Ave., 7th Floor<br>Boston, MA 02111<br>(617) 603-1432 |
| Dated: December 14, 2018 | jshaw@segalroitman.com |

**CERTIFICATE OF SERVICE**

I hereby certify that on December 14, 2018, I served a true and accurate copy of this document upon the Plaintiff by First Class Mail, to:

Raymond R. Mason, Sr.
5 Monticello Dr., West
Worcester, MA 01603

/s/ James A.W. Shaw
James A.W. Shaw