

**UNITED STATES GOVERNMENT**

# NATIONAL LABOR RELATIONS BOARD

**OFFICE OF THE GENERAL COUNSEL**

Washington, DC  20570

November 3, 2017

RAYMOND R MASON, SR.
5 MONTICELLO DR W
WORCESTER, MA 01603-1663

> Re:   Central Mass Transit
>        Management/Worcester Regional Transit
>        Authority
>        Case 01-CA-203563
>             01-CA-203617
>
>        Amalgamated Transit Union Local 22
>        Case 01-CB-203643

Dear Mr. Mason:

Your appeal from the Regional Director's refusal to issue complaint has been carefully considered. The appeal is denied substantially for the reasons in the Regional Director's letter of September 19, 2017.

To the extent that your appeal claims that the Employer discriminated against you on the basis of age, our agency enforces only the National Labor Relations Act which does not cover age discrimination. As such, we make no determination on your claim of age discrimination. If you wish to pursue your age discrimination claim further, the U.S. Equal Employment Opportunity Commission ("EEOC") is a federal agency responsible for enforcing federal laws that make it illegal to discriminate against a job applicant or an employee because of the person's age.

In your appeal, you also claim that the agreement between the Employer and Union which does not allow employees to grieve discipline imposed for using personal electronic devices while driving prevents employees from engaging in concerted activity. To the contrary, employers may lawfully limit employees' discussions to non-work time. Moreover, the investigation disclosed that the Employer's policy was intended to require safe driving practices and applied to all employees. As to allegations that you were treated differently than two co-workers, there is insufficient evidence to substantiate your claims.

With respect to your allegations against the Union, a union is afforded a wide range of discretion in the performance of its representation functions, including decisions not to process grievances, provided that its conduct is not motivated by arbitrary, discriminatory, or irrelevant

Central Mass Transit
Management/Worcester Regional Transit
Authority
Cases 01-CA-203563, et al.                                              -2


considerations. *Vaca v. Sipes*, 386 U.S. 171 (1967). In the instant matter, there is insufficient
evidence in the underlying investigation and in the appeal to demonstrate that the Union's refusal
to grieve discipline imposed for using personal devices while driving was based on unlawful
reasons under the National Labor Relations Act. The evidence supports that the Union exercised
reasonable discretion in the performance of its representation functions. Accordingly, further
proceedings are unwarranted.


                                        Sincerely,

                                        Jennifer A. Abruzzo
                                        Acting General Counsel


                                        *Mark E. Arbesfeld*

                        By:             _____
                                        Mark E. Arbesfeld, Acting Director
                                        Office of Appeals


cc:    JOHN J. WALSH, JR.                     KENNETH K KEPHART
       REGIONAL DIRECTOR                      BUSINESS AGENT
       NATIONAL LABOR RELATIONS               AMALGAMATED TRANSIT UNION
        BOARD                                  LOCAL 22
       10 CAUSEWAY ST FL 6                    51 UNION ST
       BOSTON, MA 02222-1001                  WORCESTER, MA 01608

       KIMBERLY A. ROZAK, ESQ.                JAMES PARKER
       MIRICK O'CONNELL                       GENERAL MANAGER
       100 FRONT ST                           CENTRAL MASS TRANSIT
       WORCESTER, MA 01608-1425                MANAGEMENT/WORCESTER REGIONAL
                                               TRANSIT AUTHORITY
       NICOLE HORBERG DECTER, ESQ.            42 QUINGSAMOND AVE
       SEGAL ROITMAN, LLP                     WORCESTER, MA 01610
       111 DEVONSHIRE ST 5TH FL
       BOSTON, MA 02109-5407

kf