UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Raymond R. Mason, Sr., <br>     Plaintiff <br><br> v. <br><br> Central Mass Transit Management/ <br> Worcester Regional Transit Authority; <br> David Trabucco, in Their Individual and <br> Official Capacity; Jonathan Church, in Their <br> Individual and Official Capacity; <br> Amalgamated Transit Union Local 22; <br> Kenneth Kephart in Their Individual and <br> Official Capacity, <br>     Defendants | Civil Action No. 18-cv-40202-TSH |

## OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

I.    Introduction

Plaintiff Raymond Mason was a van driver for the Worcester Regional Transit Authority until he was fired in April 2017 after being caught on video talking on a cell phone while driving his van, in violation of company policy. On November 30, 2018, Mr. Mason filed suit against numerous parties, including his former union, Amalgamated Transit Union Local 22, and its Business Agent, Kenneth Kephart ("Union Defendants").

As to the Union Defendants, the Complaint only alleges a breach of the duty of fair representation under the National Labor Relations Act. Citing DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 172 (1983), the Union Defendants filed a motion to dismiss Mr. Mason's suit because it was filed well past the six-month statute of limitations for such DFR

claims. Docket 6 and 7. Mr. Mason now moves this Court to amend his complaint for vague reasons.

II.     Legal Standard

A motion to file an amended complaint is "normally evaluated under Rule 15(a)'s leave freely given standard." U.S. ex rel. D'Agostino v. EV3, Inc., 802 F.3d 188, 194 (1st Cir. 2015) (citing Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.")). Even under this forgiving standard, "there are myriad reasons that might justify the denial of a motion for leave to amend, including undue delay, repeated failure to cure deficiencies, or futility." Id. at 195 (emphasis added). "Futility" means that the proposed amended complaint "would fail to state a claim upon which relief could be granted. In reviewing for 'futility,' the district court applies the same standard of legal sufficiency as applies to a Rule 12(b)(6) motion." Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996). "While it is of course strongly preferable that a party seeking leave to amend include a proposed amended complaint with its motion, this district's local rules do not specifically require it and it is not technically necessary." Traincroft, Inc. v. Ins. Co. of the State of Pennsylvania, No. CV 14-10551-FDS, 2014 WL 12796262, at *3 (D. Mass. Sept. 5, 2014). Nonetheless, "if the factual and legal bases for the amended complaint's allegations are unclear, amendment may be futile." Id.[1]

---

[1] On January 3, 2019, the Union Defendants filed a Motion to file a Reply Brief (still pending) because Mr. Mason made numerous allegations against the Union that do not appear in his Complaint. Docket No. 9. The Union Defendants clarified in the proposed Reply Brief that the Complaint does not include such a litany of claims against the Union, and even if it did, those claims would have to be dismissed. See Docket 9-1. The present motion appears to maintain the existence of a "laundry list" of claims beyond a breach of the DFR (Doc. 10, pgs. 1-2), although the Motion to Amend does not appear to actually seek to add them. In any event, for the reasons argued in the proposed Reply Brief, such an amendment would be futile.

III.     <u>Legal Analysis</u>

Mr. Mason's proposed amendment is very vague, which is compounded by his failure to provide a draft amended complaint. The Union Defendants understand the gist of the Plaintiff's motion to be that he seeks to add a new argument as to why the Court should not consider his lawsuit untimely. He repeatedly alludes to "newly discovered evidence," which appears to be the fact that the CBA includes final and binding arbitration. There is nothing new about this fact, which Mr. Mason must have (or should have) been aware of given that his lawsuit alleges breach of this very same CBA.

Mr. Mason then turns to Canadian law to bolster his argument that this case was timely. Doc. 10, pg. 3. Canadian law obviously does not apply, and the relevant standard appears in <u>Arriaga-Zayas v. Int'l Ladies' Garment Workers' Union-Puerto Rico Council</u>, 835 F.2d 11, 13 (1st Cir. 1987), which holds that the statute of limitations "begins to run when the plaintiff knows, or reasonably should have known, of the acts constituting the union's wrongdoing." The allegations of Mr. Mason's complaint make it perfectly clear he was aware of what happened back in April 2017 when he was caught on camera talking on his cell phone. In any event, as Mr. Mason has acknowledged, he filed a charge with the National Labor Relations Board on August 3, 2017, alleging a breach of the duty of fair representation about these same issues. Mr. Mason was obviously aware of the alleged breach no later than August 3, 2017, when he filed the charge, and this suit was filed more than six months after August 3, 2017.[2]

IV.     <u>Conclusion</u>

---

[2] https://www.nlrb.gov/case/01-CB-203643

For the above-stated reasons, Mr. Mason's motion to amend the suit should be denied by this Court.[3]

Respectfully submitted,

ATU LOCAL 22, AND
KENNETH KEPHART

By their attorney,

/s/ James A.W. Shaw
James A.W. Shaw
BBO # 670993
SEGAL ROITMAN, LLP
33 Harrison Ave., 7th Floor
Boston, MA 02111
(617) 603-1432
jshaw@segalroitman.com

Dated: January 15, 2019

**CERTIFICATE OF SERVICE**

I hereby certify that on January 15, 2019, I served a true and accurate copy of this document upon the Plaintiff by First Class Mail, to:

Raymond R. Mason, Sr.
5 Monticello Dr., West
Worcester, MA 01603

/s/ James A.W. Shaw
James A.W. Shaw

---

[3] Mr. Mason objects to the Union Defendants' observation that he has sought publicity for his suit, noting that it was his wife, not him, who spoke with a reporter. Of course, it was Mr. Mason himself who posed for the photograph accompanying the story. But the point was not that there was no right to speak with the media, but rather to explain why the Union Defendants were interested in promptly defending this suit, notwithstanding the fact that the suit has not been served upon the Defendants.