UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RAYMOND R. MASON, SR.,            ) | |
|            ) | |
| PLAINTIFF,            ) | |
|            ) | |
| v.            ) | CIVIL ACTION NO. 18-cv-40202-TSH |

RAYMOND R. MASON, SR.,    )
    )
    PLAINTIFF,    )
    )
v.    )
    )      CIVIL ACTION NO. 18-cv-40202-TSH
CENTRAL MASS TRANSIT    )
MANAGEMENT/WORCESTER    )
REGIONAL TRANSIT AUTHORITY;    )
DAVID TRABUCCO, IN THEIR    )
INDIVIDUAL AND OFFICIAL    )
CAPACITY; JAMES PARKER, IN THEIR    )
INDIVIDUAL AND OFFICIAL    )
CAPACITY; JONATHAN CHURCH, IN    )
THEIR INDIVIDUAL AND OFFICIAL    )
CAPACITY; AMALGAMATED    )
TRANSIT UNION LOCAL 22; KENNETH    )
KEPHART IN THEIR INDIVIDUAL AND    )
OFFICIAL CAPACITY,    )
    )
    DEFENDANTS.    )
    )

## DEFENDANT JAMES PARKER'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant James Parker ( "Defendant Parker") respectfully submits this Memorandum of Law in support of his Motion to Dismiss Amended Complaint ("Complaint" or "Compl.").  In the Complaint, Plaintiff, a union employee, admits he engaged in conduct in violation of a strict work rule – he used his cellphone while driving a public transportation van – and despite his agreement to resign his employment on April 5, 2017, now contends that his termination was unlawful and in violation of the collective bargaining agreement ("CBA").  Plaintiff brings a potpourri of claims, all (excepting a Title VII claim) grounded in the terms of the CBA and a Supplemental Agreement between the union and the employer.  As to Defendant Parker specifically, Plaintiff alleges only the conclusion that he,

along with other defendants, "intentionally interfered with Plaintiff's employment relationship." Compl. ¶ 11.  Defendant Parker seeks dismissal of all claims against him in their entirety.[1]

## PRELMINARY STATEMENT

Despite the verbosity of his amended pleading, Plaintiff has failed to state a claim as to Defendant Parker upon which relief may be granted.  Throughout the twenty-page Complaint, Plaintiff attempts to assert claims under federal, state, and common law by way of mere mention of such claims,[2] but he utterly fails to allege facts to support them, particularly as to Defendant Parker. Despite ample opportunity to correct the deficiencies of his pleading, Plaintiff has failed, and each of the counts and claims in his Complaint should be dismissed with prejudice.

Plaintiff's hybrid claim under Section 301 of the Labor Management Relations Act ("LMRA"), which alleges breach of duty of fair representation by the union and breach of the CBA by the employer, is barred by his failure to timely file within the six-month statute of limitations.  In addition, to the extent Plaintiff attempts to assert state statutory and common law claims against Defendant Parker, such counts rest on mere legal conclusions and speculation and are devoid of factual support sufficient to state a plausible claim.  In addition, the LMRA preempts Plaintiff's state law claims and likewise renders such theories untimely under the same six-month statute of limitations.

---

[1] The Complaint is unclear as to which of the six counts Plaintiff asserts against Defendant Parker. Defendant Parker is referred to only as to Plaintiff's claims of intentional interference and fraud and his argument as breach of contract.  Compl. ¶¶ 11, 28, and Argument Section ¶ 5 at p. 18.

[2] In Paragraph 1 on the first page of the Complaint, Plaintiff lists the following "questions of federal law": "Section 301 of the Labor Management Relations Act," the "Massachusetts Civil Rights Act," "Tortious Interference with employment Relationship," "Conspiracy against rights Title 18, U.S.C. §241," and "The 5th, 6th and 14th Amendment to the U.S. Constitution." Compl. p. 1.  These mere mentions of federal or state law do not advance factual support for, nor are they connected to, any particular count of the Complaint.  In the body of the Complaint, Plaintiff lists Counts One through Six, as follows:  "Fraud," "Tortious Interference with Employment Relationship," "Entrapment, Enticement by Defendants," "Sixth Amendment," "Retaliation," "Discrimination." Compl. at pp. 3, 5, 6, 10, 11, and 14.

As to Plaintiff's assertions of claims under the United States Constitution, Plaintiff fails to allege any government action, a necessary element to support any claim for violation of rights guaranteed by the United States Constitution, whether under the Fifth, Sixth or Fourteenth Amendments.  Thus, his Constitutional claims fail as a matter of law.

Plaintiff's claim, if any, against Defendant Parker under Title VII of the Civil Rights Act of 1964 ("Title VII") fails, first, because there is no individual liability under Title VII, second, because Plaintiff has not exhausted his administrative remedies and, third, because Plaintiff fails to allege facts with sufficient particularity to state a claim under Title VII.

Finally, to the extent that Plaintiff can be construed to have raised an LMRA or breach of contract claim against Defendant Parker, these, too, fail as a matter of law.  Defendant Parker, acting as an agent of his employer, is not a party to the CBA between Plaintiff's former union and his former employer and no individual liability exists under the LMRA or for breach of the CBA.  For all of these reasons, the Complaint should be dismissed with prejudice.

## I.      STATEMENT OF FACTS[3]

Plaintiff was employed by Central Mass Transit Management ("CMTM") as a van driver from May 5, 2003 until his termination on April 5, 2017.  Compl. ¶ 10.  Defendant Parker is the general manager of CMTM, which contracts to operate the Worcester Regional Transit Authority (WRTA).  Compl. ¶¶ 6, 11.  Amalgamated Transit Union Local 22 (the "Union") is a labor organization representing the bargaining unit of drivers at CMTM, including Plaintiff until the time of his termination.  Compl. ¶ 7.

---

[3] The Statement of Facts is derived from the allegations of the Complaint.  The court must accept as true only those well-pleaded facts alleged in the Complaint.  To the extent that Plaintiff's alleged facts are mere conclusory statements, they should be disregarded.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (conclusory allegations are "not entitled to the assumption of truth.").

In December 2015, CMTM entered into a Supplemental Agreement with the Union whereby any bargaining unit member found to use their personal cell phone while on duty in the employer's bus or van could not challenge the resulting discipline through the grievance process. Compl. ¶ 13, Ex. C.  The Supplemental Agreement "provides that if it is determined and verified that a driver used a personal device while in front of the yellow line on a fixed bus route, the consequence will be immediate 'termination' of employment by the Company." Compl. ¶ 14.

On April 3, 2017, Plaintiff was captured on video using his cell phone while driving. Compl. ¶¶ 19, 21, 23 and Docket 8-1, Exhibit C (referenced in ¶ 21).   The Union informed Plaintiff that, pursuant to the Supplemental Agreement, he could not challenge any discipline imposed for this offense.  Compl. ¶¶ 14-15.  Plaintiff signed a Notice of Termination on April 5, 2017, to which he alleges the word "resignation" was only later added.  Compl. ¶¶ 42-43.  No grievance was filed regarding Plaintiff's termination.  Compl. ¶¶ 15-17.

Plaintiff now brings his Complaint against his former employer and supervisors, as well as against his former Union and the Union's business agent.  Compl. ¶¶ 2-8.  He previously filed a charge of discrimination at the Massachusetts Commission Against Discrimination ("Commission"), naming only CMTM and WRTA as respondents.[4]   That charge remains pending before the Commission.  Compl. ¶ 48.  Plaintiff does not allege in his Complaint that the EEOC has issued a notice of right to sue or otherwise relinquished jurisdiction of the Title VII claim.

---

[4] The Charge, which Plaintiff filed concurrently with the Equal Employment Opportunity Commission ("EEOC"), is attached as Exhibit A.  It is "well within [the Court's] discretion" to examine "records that were expressly referred to in the complaint.  *See Lister v. Bank of Am., N.A.*, 790 F.3d 20, 22 n.2 (1st Cir. 2015) (citing *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 17 (1st Cir. 1998)); *see also* Compl. ¶ 48.

Plaintiff has also filed a charge of unfair labor practice with the National Labor Relations Board (the "Board").   Compl. ¶ 27.   Plaintiff asserts that, in a July 26, 2018 letter[5] from the Board, "it was then discovered that the 'Employer breached a contract and as such the Charging Party's, (Plaintiff), termination was without cause.'"   Compl. ¶ 27.

Plaintiff's claims include fraud (Count One), tortious interference with the employment relationship (Count Two), entrapment and enticement (Count Three), violation of his rights under the Sixth Amendment to the United States Constitution (Count Four), retaliation (Count Five), and discrimination (Count Six).   In addition, Plaintiff's Complaint mentions as a basis for federal jurisdiction, claims under Section 301 of the LMRA, the Massachusetts Civil Rights Act, Title VII, conspiracy against rights, and due process claims under the Fifth and Fourteenth Amendments to the United States Constitution.   Compl. ¶ 1(a) – (f) at p. 1.   Separate Counts for these mentioned bases for federal jurisdiction are not stated in the Complaint, nor does Plaintiff identify facts to support such bases for federal jurisdiction.

## II.     LEGAL ARGUMENT

The Amended Complaint does not state clearly which claims Plaintiff brings as to which Defendants.   The six counts each reference a litany of other claims and statutory citations, many overlapping.   While the facts are not pleaded with sufficient particularity to survive a motion to dismiss, to the extent that each Count could be construed as to Defendant Parker, the claims are addressed below and fail as a matter of law.

---

[5] The July 26, 2018 letter shows no such finding.  To the contrary, Plaintiff, in his Complaint, has quoted the Board's summary of Plaintiff's own argument, and the actual purpose of the letter upon a fair and reasonable reading was to deny Plaintiff's second request for reconsideration of the Board's denial of his appeal.  *See Denial Letter* (NLRB Office of the General Counsel, July 26, 2018), attached as Exhibit B. The Court's consideration of this document in relation to Defendant Parker's motion is appropriate because the Complaint not only cites it explicitly, but does so inaccurately.  *See Beddall*, 137 F.3d at 17; *see also* Compl. ¶ 27.

A.      **Standard of Review**

An initial pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  When a defendant tests the sufficiency of a complaint through a motion under Rule 12(b)(6), in order to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 790 F.3d 20, 22 n.2 (1st Cir. 2015) (citing *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 570 (2007). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 557).  As the Supreme Court explained, "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

The Court must liberally construe Plaintiff's *pro se* Complaint, granting the motion to dismiss "only if [Plaintiff] cannot prove any set of facts entitling [him] to relief." *Rockwell v. Cape Cod Hosp.*, 26 F.3d 254, 255 (1st Cir. 1994) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (holding factual allegations in complaint must "'possess enough heft' to set forth 'a plausible entitlement to relief'") (citation omitted).  While the factual allegations in Plaintiff's Complaint are treated as true for purposes of reviewing a Motion to Dismiss, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quotation omitted).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).  Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint

are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. Indeed, this "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Therefore, the complaint must contain "'more than an unadorned, the defendant-unlawfully-harmed-me accusation.'" *Iqbal*, 556 U.S. at 678.

### B.     Plaintiff's Hybrid Claim Under Section 301 of the LMRA Is Untimely.

Section 301 of the Labor Management Relations Act confers federal jurisdiction over "suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce." 29 U.S.C. § 185(a); *see BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers*, 132 F.3d 824, 829 (1st Cir. 1997). Plaintiff brings a claim under Section 301, alleging a breach of the duty of fair representation by the Union as well as a breach of the collective bargaining agreement by the employer. Compl. ¶¶ 1(a), 16, 17, 24. This constitutes a "hybrid" claim under Section 301, as it "'formally comprise[s] two causes of action,' one against the employer, the other against the union." *Rosario v. Paul Revere Transp., LLC*, No. 13-12633-RGS, 2014 U.S. Dist. LEXIS 18325, at \*6 (D. Mass. Feb. 13, 2104) (*quoting Reed v. United Transp. Union*, 488 U.S. 319, 328 (1989)).

The Supreme Court has applied a six-month statute of limitations for hybrid claims under Section 301, adopted from the statute of limitations for Section 10(b) claims under the National Labor Relations Act. *See* 29 U.S.C. § 160(b); *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 169-72 (1983) (reversing lower court's application of three-year statute of limitations for breach of contract under state law, where plaintiff brought claim against both employer and union).[6] Applying this statute of limitations to the facts of this case, Plaintiff's claims are untimely and must be dismissed.

---

[6] Plaintiff misreads *DelCostello*, citing the dissents by Justices Stevens and O'Connor in arguing for the longer statute of limitations under state law as applied to ordinary breach of contract cases. *DelCostello*,

Plaintiff was terminated on April 5, 2017, affixing his signature to a "Notice of Termination" on that date.  Compl. ¶ 43.  Whether or not Plaintiff's separation of employment was properly termed a resignation—Plaintiff states that he did not resign—there is no question that Plaintiff was aware of his termination as of April 5, 2017.  Therefore, the six-month statute of limitations began to run on that date, as the "clock started ticking" when the plaintiff "knew, or reasonably should have known, of the allegedly wrongful acts."  *See Adorno v. Crowley Towing and Transp. Co.*, 443 F.3d 122, 126 (1st Cir. 2006) (*quoting Arriaga-Zayas v. Int'l Ladies Garment Workers' Union—P.R. Council*, 835 F.2d 11, 13 (1st Cir. 1987) (applying six-month statute to hybrid claim under LMRA)).  Although Plaintiff filed an unfair labor practice charge with the National Labor Relations Board, that action "does not toll the statute of limitations on a hybrid § 301/fair representation action arising out of the same nucleus of operative fact."  *Arriaga-Zayas*, 835 F.2d at 14.  Plaintiff filed his original complaint on November 30, 2018, more than nineteen months after he learned of his termination, and well beyond the six-month statute of limitations for his Section 301 claim.  Therefore, Plaintiff's claims under Section 301 of the LMRA must be dismissed as untimely.

### C.   Counts One through Six Must Be Dismissed as to Defendant Parker for Failure to State a Claim.

#### 1.   Plaintiff Has Not Given Defendant Parker Fair Notice of Claims Nor Supported Such Claims With Facts.

Plaintiff rests his claims in Counts One through Six on conclusory allegations of violations without sufficient factual support to make out his claims.  A complaint must contain "sufficient detail … to give the defendant fair notice of the claim and the grounds upon which it

---

462 U.S. at 173-75; *see* Compl. ¶ 55.  The Court, in fact, rejected that very argument, instead applying the six-month statute of limitations under Section 10(b).  *Id.* at 172.  The state statute of limitations is appropriate for "purely a breach of contract action," not a claim in which the plaintiff has a cause of action against both employer and union.  *See Cabarga Cruz v. Fundacion Educativa Ana G. Mendez, Inc.*, 822 F.2d 188, 191 (1st Cir. 1987).

rests." *Ocasio-Hernandez v. Fortuño-Burset*, 640 F.3d 1, 8 (1st Cir. 2011) (*citing Twombly*, 550 U.S. at 555 (additional citations omitted)).  Plaintiff's Complaint rests on mere mention of the label for claims or legal theories without factual heft, let alone heft sufficient to raise a plausible claim against Defendant Parker.  As such the Complaint is insufficient under even the liberal pleading standard and deprives Defendant Parker of fair notice of the claims against him.

Here, no specific action by Defendant Parker is alleged.  Plaintiff vaguely claims in conclusory fashion that individual Defendants Parker and Trabucco have "intentionally interfered with Plaintiff's employment relationship and thereby caused the Plaintiff to lose his job…."  Compl. ¶11.  Collectively, Defendants CMTM, WRTA, Trabucco, and Parker are alleged to have "breached the contract by his employer calling and provoking Plaintiff into answering his cell phone." Complaint at Argument Section ¶ 5 at p. 18.  Notably, Plaintiff does not allege that Defendant Parker is the person who called him or even that Defendant Parker directed another to make the call to him.

Counts One through Six each fail to state a claim as to Defendant Parker, denying him fair notice of the grounds for any such allegation.  Count One is a claim for fraud, but in support, Plaintiff states only the conclusory allegation that Defendant Parker intentionally interfered with his employment relationship.  Compl. ¶11.  Such allegations are not sufficient to state a claim for fraud.[7]  Count Two alleges tortious interference with Plaintiff's employment relationship, but makes no reference to Defendant Parker.  Compl. ¶¶ 18-20.  Count Three alleges entrapment and enticement but states only that Defendant Parker "was to be named the witness" (but in fact was

---

[7] "[T]he circumstances constituting fraud [must] be stated with particularity," with notice to each defendant "of what he is alleged to have done."  *Konstantinakos v. Fed. Deposit Ins. Corp.*, 719 F. Supp. 35, 38 (D. Mass. 1989) (*citing Margaret Hall Found. v. Atlantic Fin. Mgmt., Inc.*, 572 F. Supp. 1475, 1481 (D. Mass. 1983)).  If the Complaint fails to state a claim with such specificity as to allow multiple defendants to know which statements against which they must prepare to defend themselves, the Plaintiff cannot meet the threshold for particularity required by Fed. R. Civ. P. 9(b).  *Id.*

not named the witness) to the misconduct that led to Plaintiff's termination.   Compl. ¶ 28.

Again, in conclusory fashion, Plaintiff alleges that there was an intentional misrepresentation of

facts but does not state which defendant(s) made such misrepresentations and does not state that

Defendant Parker, in fact, did anything.   Compl. ¶ 28.

Count Four alleges violation of Plaintiff's rights under the Sixth Amendment but fails to

make any allegation of conduct by Defendant Parker.   Compl. ¶¶ 33-38.   Similarly, Count Five

alleges retaliation for protected activity, but neither states any allegation as to Defendant Parker

nor makes any reference to him.   Compl. ¶¶ 39-46.   Finally, Count Six is a claim for

uncategorized discrimination, which fails to allege any basis for that discrimination or make any

allegations as to Defendant Parker.   Compl. ¶¶ 47-57.   Plaintiff's conclusory and vague

assertions of legal claims in Counts One through Six fail to offer any facts that could plausibly

support liability as to Defendant Parker.   Therefore all claims as to Defendant Parker should be

dismissed

### 2.      There Is No Individual Liability Under the Labor Management Relations Act (LMRA).

As to Plaintiff's hybrid claim under Section 301 of the LMRA, Defendant Parker cannot

be held personally liable for the alleged breach of the collective bargaining agreement because he

is not a signatory to the CBA.   Complaints under Section 301 "are confined to defendants who

are signatories of the collective bargaining agreement under which they are brought."   *Rosario*,

2014 U.S. Dist. LEXI 18325, at *7-8 (*quoting Ramsey v. Signal Delivery Serv., Inc.*, 631 F.2d

1210, 1212 (5th Cir. 1980)).   Section 301 does not sanction actions against individual employees.

*See Complete Auto Transit Inc. v. Reis*, 451 U.S. 401, 417 (1981); *see also Sine v. Local No. 992,*

*Int'l Bhd. of Teamsters*, 730 F.2d 964, 966 (4th Cir. 1984) (holding Section 301 suit may only be

brought against parties to contract); *Loss v. Blankenship*, 673 F.2d 942, 946-47 (7th Cir. 1982) (holding complaint against individual employee not actionable under Section 301).

Defendant Parker is not a party to the CBA, having signed the Supplemental Agreement on behalf of his employer in his official capacity as then assistant general manager of CMTM. As this cannot give rise to individual liability under Section 301, each of Plaintiff's LMRA claims—including those preempted by the LMRA—must be dismissed.

### 3. No Privity of Contract Exists Between Plaintiff and Defendant Parker

Plaintiff's breach-of-contract claim must be dismissed, because he has failed to allege privity of contract between himself and Defendant Parker. *See Orell v. UMass Mem'l Med. Ctr., Inc.*, 203 F. Supp. 2d 52, 68 (D. Mass. 2002) (affirming dismissal of claim against individual acting as agent of former employer at time of plaintiff's discharge). The signatories to the collective bargaining agreement are the Union and CMTM.[8]  *See* Doc. 9-2, at 5. To succeed on his breach-of-contract claim, Plaintiff must "either be in privity of contract or establish that he was an intended third-party beneficiary." *See Paoluccio v. Wells Fargo, N.A.*, No. 17-11918-TSH, 2019 U.S. Dist. LEXIS 5243, at *3-4 (D. Mass. Jan. 11, 2019). Plaintiff has presented facts to support neither argument as to Defendant Parker and himself, therefore his breach of contract claim as to Defendant Parker must fail.

### D. The LMRA Preempts State Law Claims (Counts One Through Three, Five and Six).

Section 301 of the LMRA grants federal courts jurisdiction over disputes "for violation of contracts between an employer and a labor organization…." 29 U.S.C. § 185(a). The Supreme Court has interpreted this language as authorizing federal courts "to fashion a body of federal law for the enforcement of … collective bargaining agreements." *Textile Workers Union of Am.*

---

[8] Defendant Parker signed the CBA as the authorized representative of CMTM and not in his individual capacity.

*v. Lincoln Mills of Ala.*, 353 U.S. 448, 451 (1957).  It is well settled that this authority forms the basis for federal preemption of a "state-law claim [that] depends upon the meaning of a collective-bargaining agreement."  *Lingle v. Norge Div. of Magic Chef*, 486 U.S. 399, 405-406 (1988); *see Flibotte v. Pa. Truck Lines, Inc.*, 131 F.3d 21, 26 (1st Cir. 1997); *Mitchell v. Globe Newspaper, Inc.*, 602 F. Supp. 2d 258, 260-61 (D. Mass. 2009).

The First Circuit has identified two ways in which a state law claim may "depend" on a collective bargaining agreement, resulting in LMRA preemption.  First, a state law claim is preempted "if it alleges conduct that arguably constitutes the breach of a duty that arises pursuant to a collective bargaining agreement."  *Flibotte*, 131 F.3d at 26.  Second, preemption applies if a state law claim requires a court to interpret the collective bargaining agreement.  *Id.*  If either condition is met, the LMRA preempts the state law claim.  The preemptive force of Section 301 of the LMRA extends not only to standard breach-of-contract claims but also to other theories of recovery based on state statutes or common law.  *See Cavallaro v. UMass Mem'l Healthcare, Inc.*, 678 F.3d 1, 7 (1st Cir. 2012) ("we have continued to treat state regulatory claims in the economic area as preempted where they were intertwined with the CBA and more than mere consultation of the CBA is required") (citing *Adames v. Exec. Airlines, Inc.*, 258 F.3d 7, 12-16 (1st Cit. 2001) (further citations omitted)).  The Supreme Court has held that "when a state-law claim is substantially dependent on analysis of a collective-bargaining agreement, a plaintiff may not evade the pre-emptive force of § 301 of the LMRA by casting the claim as a state law claim."  *Int'l Bhd. of Elec. Workers v. Hechler*, 481 U.S. 851, 859 n.3 (1987).  "[T]he preemptive force of § 301 is so powerful as to displace entirely any state cause of action 'for violation of contracts between an employer and a labor organization.'"  *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 23 (1983).

In the instant case, Plaintiff asserts a host of state law claims based upon rights conferred by, and which require interpretation of, the CBA that governed his employment.  The LMRA therefore preempts Plaintiff's state law claims.

### 1. The LMRA Preempts Plaintiff's Breach of Contract Claims (Counts One through Six).

In each Count, Plaintiff alleges claims for breach of contract or "breach of policy" by one or more Defendants, sometimes including Defendant Parker.  Compl. ¶¶ 12, 17, 20, 24, 34, 40, 56.  These claims implicate provisions of both the CBA and the Supplemental Agreement, each of which was negotiated between Plaintiff's former employer, CMTM, and his former Union.  Plaintiff alleges that the Supplemental Agreement "causes an employee to falsely believe that they cannot challenge the discipline imposed by the Company," and that the employer breached the contract in conducting its investigation of on-duty cell phone usage.  Compl. ¶¶ 15, 34.  Additionally, Plaintiff states that a breach of company policy by his former employer rendered the contract unenforceable, though he alleges no facts to support this legal conclusion.  Compl. ¶ 56.

The CBA between employer and union governs the terms and conditions of employment, including discipline and discharge.  Plaintiff has no right to these terms of employment absent the CBA, and the Court must interpret these contract provisions in deciding Plaintiff's claims of breach.  Because state law contract claims depend on the CBA, the LMRA preempts them.  *See DiGiantommaso v. Globe Newspaper Co., Inc.*, 632 F. Supp. 2d 85, 89, 91 (D. Mass. 2009) (dismissing implied breach-of-contract claims as preempted by LMRA, where claims ultimately require court to interpret CBA).  "If a breach of contract claim depends substantially on interpretation of a CBA, the claim can either be treated as one brought pursuant to the LMRA or must be dismissed as preempted."  *Cavicchi v. Raytheon Co.*, 16 F. Supp. 3d 4, 8 (D. Mass.

2014).  Because Plaintiff's hybrid Section 301 claim is untimely, as discussed above, the state law claims that are preempted by the LMRA must also be dismissed.

Plaintiff does not allege the existence of a contract between himself and Defendant Parker.  The only contract that governed Plaintiff's employment at CMTM was the collective bargaining agreement between CMTM and the Union.  Plaintiff was a member of the Union throughout his employment at CMTM.  Compl. ¶¶ 1-7.  Because Plaintiff's breach-of-contract claims are "substantially dependent on analysis of a collective-bargaining agreement," Section 301 both governs and preempts them.  *See Lingle*, 486 U.S. at 410 n.10 (quotation omitted).

It would require interpretation of the collective bargaining agreement to resolve any claim that Defendant Parker—who is not a party to the CBA—breached the contract between employer and Union.  As such, Section 301 of the LMRA preempts Plaintiff's claims for breach of contract and breach of "policy" as to Defendant Parker, and Court should dismiss them.

> **2.      The LMRA Preempts Plaintiff's Claims for Fraud (Count One), Tortious Interference with Employment (Count Two), and Entrapment and Enticement (Count Three).**

Plaintiff's claims for fraud, tortious interference, entrapment, and enticement require interpretation of the CBA, and the LMRA therefore preempts them.  Compl. ¶¶ 10-15, 19-20, 21-29.  The Complaint alleges Defendant Parker "intentionally interfered" with Plaintiff's employment relationship, though his role in doing so is not stated.  *See* Compl. ¶ 11.  Each of these claims relates to Plaintiff's dismissal for use of a personal cell phone while on duty and his inability to challenge the discipline that was issued as a result.  This would again require the Court to interpret contract provisions in the CBA as well as the Supplemental Agreement between the employer and union.  "[A] claim for intentional interference is preempted to the extent that a court must determine whether there was an underlying breach of contract, and in doing so interpret the collective bargaining agreement."  *Rundle v. Merrimack Valley Hosp.*, 45

F. Supp. 3d 137, 155 (D. Mass. 2014) (*citing Magerer v. John Sexton & Co.*, 912 F.2d 525, 529 (1st Cir. 1990)).  The LMRA once again preempts Plaintiff's claims.

Having failed to state each claim with specificity as to Defendant Parker, federal labor law also preempts Plaintiff's claims for fraud, tortious interference, and "entrapment, enticement", to the extent that any such cause of action[9] exists.  *See BIW Deceived*, 132 F.3d at 827 (noting preemption of claims for "fraudulent misrepresentation, fraud in the inducement, infliction of emotional distress," and other torts).  "Pre-emption by federal law cannot be avoided by characterizing [negligence] pursuant to the terms of the collective-bargaining contract as a state-law tort."  *Id.* at 833 (*quoting United Steelworkers v. Rawson*, 495 U.S. 362, 371-72 (1990)).  The LMRA preempts all state law torts relating to Plaintiff's employment relationship, as governed by the collective bargaining agreement between employer and Union.

### 3.    Plaintiff Cannot Avoid Preemption by Artful Pleading.

Plaintiff claims the scope of his Complaint to be "much broader" than a hybrid claim under Section 301, to which the fatal six-month statute of limitations applies.  Compl. ¶ 50.  However, such pleading is improper because Plaintiff's claims undoubtedly require interpretation of the CBA and are accordingly preempted by Section 301.  *See Cavallaro*, 678 F.3d at 5 ("The interrelationship of the state law claims and a CBA cannot be avoided merely by refusing to identify the CBA in the complaint and citing the well pleaded complaint rule.")  Plaintiff cannot defeat federal jurisdiction simply by asserting federal claims under the guise of state law.  The Court rejects this "artful pleading doctrine" as a means to avoid preemption by the LMRA.  *See BIW Deceived*, 132 F.3d at 831.

---

[9] Entrapment is a defense in a criminal action, and Massachusetts law does not provide for an independent cause of action for this claim.  Because Plaintiff raises Count II as "entrapment, enticement," both claims are regarded here as akin to inducement.  Massachusetts courts have held that knowing inducement of a third party to breach a contract is an element of unlawful interference.  *See Draghetti v. Chmielewski*, 416 Mass. 808, 816 (1994).

Similarly, Plaintiff cannot disguise his state-law claims by alleging violations of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Compl. ¶ 1. Plaintiff's allegations of infringement upon his rights under the Sixth Amendment (Count Four) rest on the Court's interpretation of the Supplemental Agreement as well as the disciplinary process afforded him by the collective bargaining agreement. Compl. ¶¶ 33-37. Again, Plaintiff's claim requires the Court to analyze the CBA, and the LMRA thus preempts it.

### E.  Plaintiff's Constitutional Claim (Count Three) Fails to State a Claim Upon Which Relief May Be Granted.

Individuals and private entities are not normally liable for the violation of rights secured by the United States Constitution. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 946 (1982). A plaintiff alleging constitutional violations must show that the actions complained of are "fairly attributable" to the government. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982). This, Plaintiff cannot do. Even significant public funding of a private employer is insufficient to render its employment decisions state action. *See Id.* at 842-43 (affirming dismissal of constitutional claims brought by discharged private school teacher under 42 U.S.C. § 1983). Similarly, a private entity performing "a function which serves the public" is insufficient to make its acts state action. *Id.* at 842; *see Rockwell*, 26 F.3d at 260-61 (affirming dismissal of constitutional claim against individual physician-defendants unaffiliated with state institution).

Plaintiff makes no claims as to Defendant Parker that are attributable to government action. Where no facts are alleged to state a claim of action under color of law, Plaintiff's claims of constitutional violations must be dismissed. *See* Count Three (Sixth Amendment); *see also* Compl. ¶¶ 15, 36, 45, 49 (alleging constitutional violations within Counts One and Four through Six).

### F.      Plaintiff's Title VII Claim (Count Six) Must Be Dismissed.

#### 1.      There Is No Individual Liability Under Title VII.

Plaintiff's Title VII claim against Defendant Parker must be dismissed because there is no individual liability under Title VII.  "[P]ersonal capacity suits against individual supervisors are inappropriate under Title VII."  *Fantini v. Salem State Coll.*, 557 F.3d 22, 30 (1st Cir. 2009) (*quoting Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996)).  Even if Plaintiff had alleged particular facts sufficient to state a claim upon which relief may be granted, his claim against Defendant Parker must be dismissed because there is no individual liability under Title VII.

#### 2.      Plaintiff's Failure to Exhaust His Administrative Remedies Bars His Title VII Claim as to Defendant Parker.

Even if Title VII did provide for individual liability—which it does not—Plaintiff's claim is barred as to Defendant Parker because Plaintiff failed to exhaust his administrative remedies before filing this Complaint.  "[I]t is well-settled that an employee alleging discrimination must file an administrative charge with the EEOC or with a parallel state agency before a civil action may be brought."  *Thornton v. UPS, Inc.*, 587 F.3d 27, 31 (1st Cir. 2009).  Then, an employee plaintiff may not bring a claim under Title VII in court without first receiving a notice of right to sue from the EEOC.  *Franceschi v.* VA, 514 F.3d 81, 85 (1st. Cir. 2008) (citing 42 U.S.C. § 2000e-5(f)(1)); 29 U.S.C. § 626(e). Upon receiving such notice, the employee has 90 days to sue in federal court. *See Franceschi*, 514 F.3d at 85; 29 U.S.C. § 626(e). The failure to exhaust this administrative process "bars the courthouse door." *Franceschi*, 514 F.3d at 85 (citing *Bonilla v. Muebles J.J. Alvarez*, *Inc*., 194 F.3d 275, 278 (1st Cir. 1999).  Here, Plaintiff makes no allegation of receipt of a notice of right to sue prior to filing his Complaint.  Thus, he cannot demonstrate that he has exhausted his administrative remedies and such a claim is barred.

### 3.    Plaintiff Has Not Stated His Claim With Particularity.

Title VII of the Civil Rights Act of 1964 prohibits an employer from taking adverse employment actions based on an employee's "race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a).  Here, the Complaint alleges discrimination under Title VII but fails to allege any facts whatsoever regarding wrongful conduct based on his race, color, religion, sex, or national origin. Having failed to state Plaintiff's claim of discrimination with any particularity, this claim (Count Six) must be dismissed.

### G.    Plaintiff's Additional Claims Must Be Dismissed for Failure to State a Claim.

The first paragraph of the Amended Complaint contains a list of statutes allegedly violated by one or more Defendants, some of which are not incorporated elsewhere in the Complaint.  To the extent that Plaintiff can be construed to have raised claims under the Massachusetts Civil Rights Act, M.G.L. ch. 12, § 11H, or conspiracy against rights, 18 U.S.C. § 241, these claims must be dismissed for failure to state them with particularity—or to state them at all.  Neither allegation appears beyond a list of statutes on the first page of the Complaint. Plaintiff has not alleged any action by Defendant Parker related to either M.G.L. ch. 12 or 18 U.S.C. § 241 and therefore was not given fair notice of any claims brought.

## III.    CONCLUSION

For the foregoing reasons, Defendant James Parker respectfully requests that the Court issue an order granting its motion to dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

JAMES PARKER

By his attorneys,

/s/ Siobhan M. Sweeney
Siobhan M. Sweeney (BBO #562118)
Hilary K. Detmold (BBO #688880)
**LITTLER MENDELSON, P.C.**
One International Place
Suite 2700
Boston, MA  02110
Phone 617.378.6000
Fax 617.737.0052
ssweeney@littler.com
hdetmold@littler.com

March 25, 2019

## **CERTIFICATE OF SERVICE**

I, Siobhan M. Sweeney, hereby certify that on this 25th day of March, 2019, the foregoing Defendant James Parker's Memorandum of Law in Support of Motion to Dismiss Amended Complaint was filed electronically through the Court's ECF system, is available for viewing and downloading from the ECF system, will be sent electronically to registered participants identified on the Notice of Electronic Filing, and will be sent via first-class mail to all non-registered participants identified on the Notice of Electronic Filing, including by first-class mail and regular email  to:

Raymond R. Mason, Sr.
5 Monticello Drive, West
Worcester, MA 01603
Ceceliamason@yahoo.com

/s/ Siobhan M. Sweeney
Siobhan M. Sweeney